UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROGER MEDLEY (#629148)   CIVIL ACTION

VERSUS

JAMES LeBLANC   NO. 17-1220-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 29, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROGER MEDLEY (#629148)**                                     **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC**                                              **NO. 17-1220-BAJ-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Through this application, Petitioner challenges his 2014 conviction and sentence entered in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana. Petitioner is currently confined at the Elayn Hunt Correctional Center, which is located in St. Gabriel, Louisiana.

Under 28 U.S.C. § 2241(d), when an application for a writ of habeas corpus is made by a person in custody under a judgment and sentence of a state court of a state which contains two or more federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him, and each such district court shall have concurrent jurisdiction to entertain the application. Under § 2241(d), the district court for the district where the application is filed may, in the exercise of its discretion and in the furtherance of justice, transfer the application to another district court for hearing and determination. In addition, 28 U.S.C. § 1406(a) provides that the district court of a district in which is filed a case laying venue

in the wrong division or district shall dismiss or, if it be in the interest of justice, transfer the case to any district or division in which it could have been brought.

Petitioner's application demonstrates that although Petitioner is confined in the Middle District of Louisiana, his confinement relates to proceedings conducted in the Eastern District of Louisiana. The Court believes that it is in the interest of justice to transfer this case to the Eastern District of Louisiana where the evidence and witnesses will more likely be easily located and produced.

## RECOMMENDATION

It is recommended that this matter be transferred to the Eastern District of Louisiana for further proceedings. It is further recommended that any determination regarding Petitioner's entitlement to proceed as a pauper herein be deferred to the transferee court for resolution and disposition.

Signed in Baton Rouge, Louisiana, on March 29, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**