# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**ROGER DALE MEDLEY**                                   **CIVIL ACTION**

**VERSUS**                                              **NO. 18-4488**

**JAMES LEBLANC, ET AL.**                               **SECTION: "B"(3)**

## ORDER AND REASONS

Before the Court are the Magistrate Judge's Report and Recommendation to dismiss Petitioner Roger Dale Medley's request for habeas corpus relief (Rec. Doc. 16) and Petitioner's objections to the Report and Recommendation (Rec. Doc. Nos. 19, 20). For the reasons discussed below,

**IT IS ORDERED** that Petitioner's objections are **OVERRULED** and the Report and Recommendation are **ADOPTED** as the Court's opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2012, Petitioner was charged by an indictment alleging that he committed aggravated rape of his three-year-old son. *See State v. Medley*, No. 2005 KA 0100, 2015 WL 5515980, at *1 (La. App. 1st Cir. Sept. 18, 2015). According to the record, Petitioner's son told his mother that the Petitioner sexually assaulted him when the Petitioner forced the victim to perform oral sex on him. *See id*. After an investigation that lasted nearly one year, Petitioner was arrested. *See id*. At trial, the jury heard testimony from the Petitioner, the Petitioner's two witnesses, the

1

victim, the victim's mother, the forensic interviewer, the detective and the victim's therapist. *See id*. at *2-4. While there was conflicting testimony between the witnesses,[1] the jury found the victim's testimony sufficient. On August 7, 2014, the jury found Petitioner guilty, returning a responsive verdict of indecent behavior with a juvenile. *See id*. at *1; Rec. Doc. 16 at 1 n.1.

On August 15, 2014, Petitioner was sentenced to a term of 20 years imprisonment without the benefit of probation, parole, or suspension of sentence. The First Circuit Court of Appeal affirmed on September 18, 2015. *See Medley*, 2015 WL 5515980, at *9. On November 18, 2016, the Louisiana Supreme Court denied his writ application. *See State v. Medley*, 210 So. 3d 282. On May 9, 2017, Petitioner filed an application for post-conviction relief. It was denied on September 11, 2017.

On October 30, 2017, Petitioner filed the instant federal habeas corpus application. *See* Rec. Doc. 7. According to

---

[1] The first time A.M. (the victim) was interviewed by Jo Rickels (the forensic interviewer), he did not provide any pertinent information regarding inappropriate acts by his father. However, at the next interview a year later, A.M. recounted the facts that he had previously told to his mother. A.M.'s testimony for trial was consisted with the second interview. On the other hand, the detective testified that he was suspicious that K.O. (A.M.'s mother) might be manipulating A.M. Ms. Rickels testified that while A.M. did show one red flag in the second interview--blurting out allegations without being prompted to do so--, he nevertheless could have just been made aware of the reasons concerning his second interview. A.M.'s therapist testified that A.M. remained consistent in his story. Defendant's sister testified that K.O. related the abuse to her in a "nonchalant manner." Defendant testified that he did not commit the abuse and that K.O. was using A.M. to manipulate him. *See* Rec. Doc. 16 at 7-9.

2

Petitioner, there was insufficiency of evidence to convict him of a crime. *See id*. On July 31, 2018, the magistrate judge reviewed the petition and recommended it be denied with prejudice. *See* Rec. Doc. 16. On August 16, 2018, Petitioner filed his first objections to the report and recommendation. *See* Rec. Doc. 19. Then, on September 17, 2018, Petitioner filed his second objections. *See* Rec. Doc. 20.

## **LAW AND ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls this Court's review of a 28 U.S.C. § 2254 habeas corpus petition. *See Poree v. Collins*, 866 F.3d 235, 245 (5th Cir. 2017) ("Federal habeas proceedings are subject to the rules prescribed by the Antiterrorism and Effective Death Penalty Act . . ."). Under § 2254, an application for a writ of habeas corpus may be denied on the merits, even if an applicant has failed to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(2); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998). Enacted as part of the AEDPA, the amended subsections 2254(d)(1) and (2) provide the standards of review for questions of fact, questions of law, and mixed questions of both.

For pure questions of fact, factual findings are presumed to be correct. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus . . . a determination of a factual issue made by a State court shall be presumed to be

correct."). The applicant has the burden of rebutting the presumption by clear and convincing evidence. *See id*. However, a writ of habeas corpus may be granted if the adjudication of the claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Hankton v. Boutte,* 2018 U.S. Dist. LEXIS 126899 *1, *10 (E.D. La June 29, 2018).

For pure questions of law and mixed questions of law and fact, a state court's determination is reviewed under § 2254(d)(1). *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Specifically, with mixed questions, a state court's determination receives deference unless the decision was either contrary to federal law or involved an unreasonable application of federal law. *See* § 2254(d)(1); *Hill*, 210 F.3d at 485.

A state court's decision is contrary to federal law if (1) the state court applies a rule different from the governing law set forth in the Supreme Court's cases or (2) the state court decides a case differently than the Supreme Court when there are "materially indistinguishable facts." *See Poree,* 866 F.3d at 246; *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010). A state court's decision involves an unreasonable application of federal law when it applies a correct legal rule unreasonably to the facts of the case. *See White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

4

An inquiry under the unreasonable context involves not whether the state court's determination was incorrect, but whether the determination was objectively unreasonable. *Boyer v. Vannoy*, 863 F.3d 428, 454 (5th Cir. 2017).

The court in *Boyer* stated that the determination must not be "merely wrong," and that "clear error" will not be enough to overturn a state court's determination. *Id; see also Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (finding that unreasonable is not the same as incorrect, and thus an incorrect application of the law will be affirmed if it is not also unreasonable). Even if a state court incorrectly applies Supreme Court precedent, that mistake alone, does not mean that a petitioner is entitled to habeas relief. *See Puckett*, 641 F.3d at 663.

Courts refer to the Supreme Court's decision in *Jackson v. Virginia* when reviewing and analyzing claims challenging the sufficiency of the evidence. Courts must determine, "after viewing the evidence in the light most favorable to the prosecution, [whether] any rational trier of fact could have found that the essential elements of the crime [were proven] beyond a reasonable doubt." *Jackson*, 443 U.S. 307, 319 (1979). However, this review does not mean that courts can reweigh the evidence or the credibility of the witnesses. *Hankton,* 2018 U.S. Dist. LEXIS 126899 at *14 (quoting *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004)).

The Court must review Petitioner's claim under § 2254(d)(1) as his claim is one of mixed law and fact. In other words, this Court will defer to the state court's determination unless the petitioner shows that the result was contrary to, or involved an unreasonable application of Federal law. *See* 28 U.S.C. § 2254(d)(1).

First, Petitioner contends that he has never filed a habeas corpus petition. The Court finds this argument unconvincing. Court records clearly show that on October 30, 2017, Petitioner filled out a document entitled "Petition under 28 U.S.C. § 2254, For Writ of Habeas Corpus by a Person in State Custody." *See* Rec. Doc. Nos. 1, 7. Originally, the U.S. District Court for the Middle District of Louisiana received the petition. *Id*. The case was later transferred to the Eastern District of Louisiana. *See* Rec. Doc. 3. Subsequently, the Court sent Petitioner a notice of deficient filing, in which Petitioner was to complete and return to the court. *See* Rec. Doc. 5. On May 31, 2018, the Petition for Habeas Corpus was again filed into the record. *See* Rec. Doc. 7. On that same day, the Petitioner's Application to Proceed without Prepayment of Fees and Affidavit was returned to the Court and filed into the record. *See* Rec. Doc. 6. This record shows that Petitioner, using the same signature from the habeas corpus petition, signed this application on May 21, 2018. The authorized officer signed the Statement of Account on May 23, 2018. *See id.*

at 2. Thus, the record clearly shows that Petitioner did in fact file a habeas corpus petition.

Second, Petitioner argues that there was a lack of evidence to convict him of a crime. The Court finds this argument lacks merit. Petitioner was charged with aggravated rape but was convicted of the lesser offense of indecent behavior with a juvenile. However, Petitioner's sufficiency claim will be reviewed in regards to the elements of the charged offense—aggravated rape.[2] This is so, because at trial, the Petitioner did not object to the jury charge involving the responsive verdict. When a defendant fails to object to the responsive verdict charge, the court will not overturn the conviction if the jury returns with the responsive verdict as long as the evidence is sufficient to support the charged offense. *State v. Porretto*, 468 So. 2d 1142, 1147 (La. 1985). Therefore, the Court must see if the evidence would have supported a conviction of the greater offense; in this case, aggravated rape being the greater offense than indecent behavior with a juvenile.

It is well established that the testimony of the victim alone is sufficient evidence to support a conviction. *See, e.g. State v.*

---

[2] Aggravated rape and first degree rape are the same and any reference to aggravated rape is the same as a reference to first degree rape. *See* L.R.S. § 14:42(E). In Louisiana, first degree rape is committed "where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed . . . [w]hen the victim is under the age of thirteen years." L.R.S. § 14:42.

*Banks*, 241 So. 3d 1240, 1250 (5th Cir. 2018); *State v. Miller*, 84 So. 3d 611, 617 (5th Cir. 2011); *State v. Singleton*, 922 So. 2d 647, 650 (5th Cir. 2006). In *Banks*, the court found that even absent physical, medical, or scientific evidence, a conviction for aggravated rape may be upheld based on testimony alone. 241 So. 3d at 1250.

In the instant case, the elements of the crime were established through A.M.'s testimony, in which A.M. testified that Petitioner made him perform oral intercourse on Petitioner. *See Medley*, 2015 WL 5515980, at *1 (A.M. stated that "defendant choked him with his 'woodie.'"). Petitioner argues that A.M.'s testimony was not credible. The Court finds that argument unconvincing. While there was some conflicting evidence at trial concerning the multiple testimonies of the witnesses, the jury still found A.M. credible and returned a verdict against Petitioner. Therefore, the Court found A.M. credible. *See Hankton,* 2018 U.S. Dist. LEXIS 126899 at *14 (quoting *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005)("All credibility choices and conflicting inferences are to be resolved in favor of the verdict.")). Since it is not the job of the court to reweigh the credibility of the witnesses, this Court defers to the trial court's determination that A.M. was a credible witness. *See Hankton*, 2018 U.S. Dist. LEXIS 126899 at *14; *Jackson*, 443 U.S. at 319. Therefore, Petitioner has failed to show that the state court's decision to reject his sufficiency

8

claim was contrary to, or involved an unreasonable application of federal law.

Third, Petitioner argues that he is being forced to participate in these proceedings without assistance of counsel. The Court finds that Petitioner is mistaken. Petitioner has not requested counsel. It is only in his objections to the Magistrate Judge's Report and Recommendation that petitioner brings up the issue of counsel. Furthermore, Petitioner has no constitutional right to counsel in habeas proceedings. *See In re Goff*, 250 F.3d 273, 276 (5th Cir. 2001). Moreover, the record does not show a need for appointed counsel and Petitioner fails to show an inability to adequately present his claims.

New Orleans, Louisiana, this 13th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE